FILED
2016 May-12 PM 12:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DAVID LUCAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No.: 2:16-cv-00556-VEH |
| | ) |
| **MOLTEN, ALLEN, &** | ) |
| **WILLIAMS,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the *pro se* Plaintiff's "Motion to Alter or Amend a Judgment" (doc. 7), which seeks to set aside the Court's dismissal of this matter for failure to state a claim upon which relief may be granted (doc. 5 at 2; doc. 6 at 1). For the reasons stated herein, the motion will be **DENIED**.

**I.    PROCEDURAL HISTORY**

The Plaintiff filed this action on April 6, 2016. (Doc. 1). When he filed his Complaint, the Plaintiff also filed a motion to proceed *in forma pauperis* (doc. 2). *See* 28 U.S.C.§ 1915(a)(1); *see also Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) (both prisoners and non-prisoners are eligible for relief under § 1915(a)(1).). In assessing that motion, the Court wrote:

On the basis of the affidavit submitted in support of the motion, the

> Court determines that the Plaintiff is indigent. Accordingly, the motion will be granted.
>
> Section 1915(e) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(i), (ii). In the instant case, the plaintiff seeks relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for "accrued overtime compensation not paid[] . . . in 1992/1993." (Doc. 1 at 5; see also doc. 1 generally). "The statute of limitations for claims seeking unpaid overtime wages generally is two years, but if the claim is one 'arising out of a willful violation,' another year is added to it. 29 U.S.C. § 255(a). *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162 (11th Cir. 2008). Under either of these time periods, the [P]laintiff's claim is time barred, and thus fails to state a claim upon which relief may be granted. The [P]laintiff's action will therefore be dismissed by separate order.

(Doc. 5 at 1-2).

On May 5, 2016, the Plaintiff filed the instant motion arguing that, under the doctrine of "equitable tolling," his claims are timely filed.

## II.   STANDARD

A Motion to Alter or Amend Judgment is made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998). A party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757,

763 (11th Cir. 2005) (*citing Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir.1998); 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2d ed.1995)).

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion. *Futures Trading Comm'n v. American Commodities Group,* 753 F.2d 862, 866 (11th Cir.1984); *McCarthy v. Mason*, 714 F.2d 234, 237 (2d Cir.1983); *Weems v. McCloud*, 619 F.2d 1081, 1098 (5th Cir.1980)."[1] *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*,763 F.2d 1237, 1238 - 39 (11th Cir. 1985).

In addition to the above, there is also district court authority that Rule 59(e) motions may be granted (1) to account for an intervening change in controlling law; (2) to address newly-discovered or previously-unavailable evidence; or (3) to correct a clear error or prevent manifest injustice. *Cover v. Wal-Mart Stores Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993).[2] "In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." Wright, Miller & Kane, *op. cit.*, § 2810.1 at 128.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209

[2] District court decisions, even from this District, are not controlling authority.

## III. ANALYSIS

"As a general matter, equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231, 188 L. Ed. 2d 200 (2014). However, equitable tolling "is an extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). The Supreme Court has stated:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990).[3]

### A. The Plaintiff's Complaint and Motion Allege No Extraordinary Circumstances which Prevented Him from Timely Filing this Action

---

[3] Because the Court ultimately finds that the Plaintiff has not shown that he is entitled to equitable tolling, it will be assumed, for purposes of this opinion, that the doctrine applies to the FLSA. *See, Chapman v. Fred's Stores of Tenn., Inc.*, 2013 WL 1767791, at *12-13 (N.D. Ala. Mar. 15, 2013), *report and recommendation adopted*, 2013 WL 1760000 (N.D. Ala. Apr. 22, 2013) ("'This equitable tolling doctrine is read into every federal statute, including the FLSA.'") (quoting *Stransky v. HealthONE of Denver, Inc.*, 868 F.Supp.2d 1178 (D.Colo.2012).

### 1.    *The Plaintiff's Supervisor's "Misrepresentations"*

First, the Plaintiff points to allegations in his Complaint stating that, in 1993, "he was told by his direct supervisor . . . that he was a 'salaried employee' and thus 'not eligible for overtime pay' for work conducted." (Doc. 7 at 1 (quoting doc. 1 at 3)). The Plaintiff characterizes this statement as "misrepresentation" or "fraudulent concealment," which he contends equitably tolls the statute of limitations.

The supervisor's statement is not the type of "misrepresentation," to which equitable tolling was meant to apply.[4] The Eleventh Circuit has applied the doctrine where the plaintiff discovered more than 180 days after her termination for "financial reasons" that she had actually been replaced with a younger person. *Jones v. Dillard's, Inc.*, 331 F.3d 1259 (11th Cir.2003); *Sturniolo v. Sheaffer, Eaton, Inc.*, 15 F.3d 1023 (11th Cir.1994) (same). It has also applied it where the plaintiff was told that he was going to be terminated on a date certain but that the company would continue to look for a position for him in the interim, holding that "[i]t is too much for the law to expect an employee to sue his employer for age discrimination at the same time he is led to believe the employer is trying to place him in another job."

---

[4] While employer misconduct <u>can</u> be a basis for equitable tolling, "equitable tolling does not <u>require</u> any misconduct on the part of the defendant." *Browning v. AT&T Paradyne*, 120 F.3d 222, 226 (11th Cir. 1997); *Cocke v. Merrill Lynch & Co.*, 817 F.2d 1559, 1561 (11th Cir. 1987); *see also, Villarreal v. R.J. Reynolds Tobacco Co.*, 806 F.3d 1288, 1304 (11th Cir. 2015), reh'g en banc granted, opinion vacated, No. 15-10602, 2016 WL 635800 (11th Cir. Feb. 10, 2016) (citing *Browning* and *Cocke*).

*Cocke v. Merrill Lynch & Co., Inc.*, 817 F.2d 1559, 1561-1562 (11th Cir.1987).

In the instant case, instead of an "inducement" or "trick," the supervisor's statements are the supervisor's (and arguably the Defendant's) opinion as to the status of the Plaintiff at that time. In *Aly v. Butts Cty., Ga.*, 841 F. Supp. 1199, 1202 (M.D. Ga. 1994), the district court explained:

> To equitably toll a statute of limitations based on an alleged misrepresentation, a plaintiff must show that the defendant made a misrepresentation <u>for the purpose of inducing the plaintiff to delay filing suit and that the plaintiff actually and reasonably relied on the misrepresentation</u>. *Griffin v. Leaseway Deliveries, Inc.*, 1990 WL 136349, at *2–3, 1990 U.S.Dist. LEXIS 12389, at *6 (Sept. 7, 1990, E.D.Penn.); *see also Price v. Litton Business Systems, Inc.*, 694 F.2d 963, 965 (4th Cir.1982). As these cases indicate, a statute of limitations is not equitably tolled every time an incorrect statement is made. Only when the statement is made for the purpose of preventing or delaying an employee from filing suit is equitable tolling available. There is no indication in the record that defendants acted with the intent to prevent or delay plaintiff from filing suit for overtime compensation. Any conclusion that defendants did act for this purpose would be drawn solely from inferences arising from the fact that the statement was made to plaintiff, and nothing more. If this conclusion were permissible, any requirement that a defendant act with the purpose of causing a plaintiff to delay suit would be superfluous.

*Aly v. Butts Cty., Ga.*, 841 F. Supp. 1199, 1202 (M.D. Ga. 1994) (employer's statement that employee was exempt from overtime) (emphasis added). Similarly, in *Christofferson v. United States*, 72 Fed. Cl. 541 (2006), the Court of Federal Claims explained:

> [T]he fact that the [employer] took a different legal position on

> entitlement to overtime pay is not enough to warrant tolling. To the extent that the agency's conduct is willful, of course, the statute has a built-in extension of one year. But it is the [employer's] prerogative to interpret the applicable statutes and regulations. The very nature of litigation over exemption classification assumes that the agency and the plaintiffs disagree on a point of law. The fact that the lawsuit is brought demonstrates that the underlying entitlement is not inherently unknowable or concealed. If the fact that the [employer] expresses a position which turns out to be incorrect is a warrant for tolling, the limitations period would be suspended indefinitely.

*Christofferson v. United States*, 72 Fed. Cl. 541, 543-44 (2006); *see also*, *Christofferson v. United States*, 64 Fed. Cl. 316, 327 (2005) ("[t]he '[i]gnorance of rights which should be known," however, is not enough. The fact that the [employer] took (and still takes) a different legal position on entitlement to overtime pay is not enough to warrant tolling.") (*quoting Japanese War Notes Claimants Ass'n v. United States*, 373 F.2d 356, 359 (Ct. Cl. 1967)).

Other courts have similarly found that the mere assertion by an employer that the employee was being properly compensated under relevant FLSA provisions did not give rise to equitable tolling. *See, e.g., Huggins v. United States*, No. 95-285 C, 2005 WL 6112625, at *8 (Fed. Cl. Aug. 16, 2005); *Claeys v. Gandalf, Ltd.*, 303 F. Supp. 2d 890, 897 (S.D. Ohio 2004) ("Pritchard claims he was informed by [his employer] that he was not eligible to receive overtime pay. Statements to that effect,

however, do not constitute misrepresentations that would prevent Pritchard from discovering the existence of his claim under federal and/or state law. To the contrary, such statements simply inform a plaintiff of facts that might give rise to claims he is entitled to pursue."); *Jacobsen v. The Stop & Shop Supermarket Co.*, No. 02 CIV. 5915 (DLC), 2004 WL 1918795, at *3 (S.D.N.Y. Aug. 27, 2004) ("Classifying a job as exempt from the FLSA's overtime pay requirements is not "extraordinary" conduct such that the doctrine of equitable tolling should apply."); *Patraker v. Council on Env't of New York City*, No. 02 CIV. 7382(LAK), 2003 WL 22703522, at *2 (S.D.N.Y. Nov. 17, 2003) ("[T]o hold that a failure to disclose that an employee is entitled to overtime pay is sufficient to work an equitable toll would be tantamount to holding that the statute is tolled in all or substantially all cases seeking unpaid overtime, as it would be a rare employer who failed to pay overtime but announced to its employees that they were entitled to overtime compensation.").

Despite finding no Eleventh Circuit case directly on point, and considering the circumstances in which the Eleventh Circuit has found a misrepresentation to warrant equitable tolling, the Court is persuaded that the approach taken in the above referenced cases is the correct one. The Plaintiff's supervisor's statements to him do

8

not justify equitable tolling.[5]

### 2.  *The Failure to Post the Required FLSA Notice*

The Plaintiff alleged in his Complaint that his employer did not post the FLSA notice required to be posted by 29 C.F.R. § 516.4.[6] (Doc. 7 at 2 (referencing doc. 1 at 4)). He contends that this too requires the statute of limitations to be equitably tolled.

The Eleventh Circuit has rejected this argument in the context of required postings under the Age Discrimination and Employment Act. In *Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527, 1530 (11th Cir. 1983), the Eleventh Circuit wrote:

> Under 29 U.S.C.A. § 627, an employer is required to post a notice in the

---

[5] The district court and state court opinions cited by the Plaintiff are, of course, not binding on this Court. Regardless, they are distinguishable. In *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984), the court tolled the FLSA statute of limitations because "plaintiffs allege affirmative misrepresentations made by defendants to plaintiff." However, the court did not specify the nature of those misrepresentations, and there is no indication in *Kamens* that they were similar to the statements made in the instant case. In *Fleck v. State ex rel. Oklahoma Dep't of Corr.*, 1994 OK CIV APP 130, 888 P.2d 532, 535, the Court noted that equitable estoppel "is properly invoked where the employer misrepresents the length of the filing period or in some fashion lulls the employee into believing that it was not necessary for him to commence the litigation." It then held that "Plaintiff presented no evidentiary materials that support his argument that the filing period should be tolled." *Fleck*, 888 P.2d at 535. As noted above, in the instant case the Plaintiff was not "lulled" into believing that there was no reason to sue.

[6] Employers are is required to "post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy." 29 C.F.R. § 516.4.

9

> form approved by the Secretary of Labor. A copy of the notice which had been approved for use [at that time] was introduced at a post-trial hearing. It clearly states that an employee who feels he has been discriminated against because of age must file a charge with the Department of Labor within 180 days. Because of Disney's failure to post this notice, the district court held that "the filing period should be tolled until the plaintiff first consulted an attorney in June, 1979."
>
> We conclude that the factors which led the district court to equitably modify the 180 day provision do not mandate the tolling of the statute of limitations. Modifying either period because Kazanzas did not have knowledge of the ADEA's time requirements contravenes the normal rule that "[i]gnorance of ... legal rights or failure to seek legal advice, [does] not toll the statute." *Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1118 (5th Cir.1978) (*quoting Howard v. Sun Oil Company*, 404 F.2d 596, 601 (5th Cir.1968)). Moreover, the Fifth Circuit's statement eight years ago that "[i]t is too late in the day to urge the statute's 'newness'," *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195, 1200 (5th Cir.1975), is even more true today. Nevertheless, the district court believed that barring Kazanzas' claim for failure to comply with the 180 day provision when Disney had not posted the required notice "would place a duty upon the employer to comply without penalty for breach and would grant to the employee a right to be informed without redress for violation." 518 F.Supp. at 294 (*quoting Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 193 (3rd Cir.1977)). That rationale has little force for the two year period when the approved notice does not even mention the two year statute of limitations.

*Kazanzas*, 704 F.2d at 1530. Thereafter, in *McClinton v. Alabama By-Products Corp.*, 743 F.2d 1483, 1486 n. 5 (11th Cir. 1984) the Eleventh Circuit wrote: "Although the failure of the employer to display the poster may toll the 180-day

notification period, it will not normally toll the two-year statute of limitations for bringing the action in court, which continues to run from the date of the alleged wrongful act." *McClinton*, 743 F.2d at 1486 n. 5 (citing *Kazanzas*).

At least two district Court have followed this approach in the FLSA context. In *Antenor v. D & S Farms*, 39 F. Supp. 2d 1372, 1380 (S.D. Fla. 1999), the district court cited *McClinton* and *Kazanzas* and stated that "this Court . . . will follow the Eleventh Circuit's guidance and enter a Rule 56(d) factual finding that any of Plaintiff's FLSA claims arising prior to April 4, 1987 are barred."[7]  *See also*, *Powell v. Carey Int'l, Inc.*, 483 F. Supp. 2d 1168, 1176 (S.D. Fla. 2007) ("[E]ven if Defendants failed to post the FLSA notice, such is not grounds for equitably tolling the statute of limitations."). With a slightly different take on the Eleventh Circuit's approach, the *Aly* court wrote:

> [A]ssuming that the required notices were not posted, the applicable

---

[7] The court also apparently felt that it was significant that the Plaintiffs did not dispute that the FLSA poster required by 29 C.F.R. § 516.4 made no mention of the applicable two year statute of limitations. *Antenor*, 39 F. Supp. 2d at 1380. In *Kanzanas*, the Eleventh Circuit discussed the fact that the ADEA notice did not discuss the two year statute of limitations applicable to ADEA claims.  As noted above, it did so only to refute the district court's argument that the failure to post the notice undermined the Plaintiff's right to be informed, without redress. *Kazanzas*, 704 F.2d at 1530. While it can be argued that this was <u>one</u> reason for the Eleventh Circuit's holding, it also held that the failure to post the notice was not a reason for equitable tolling because: 1) mere ignorance of the law is no excuse, and 2) the statute was not so new that Plaintiffs could somehow be generally ignorant of their rights.

> statute of limitations would be tolled only for a minimal period of time, if at all. Failure to post required notice will equitably toll a limitations period, but only until such time as a plaintiff "acquires general knowledge of his right[s] . . . or the means of obtaining such knowledge." *McClinton,* 743 F.2d at 1486.

*Aly v. Butts Cty., Ga.*, 841 F. Supp. 1199, 1202 (M.D. Ga. 1994).[8]

This Court too will follow the Eleventh Circuit's lead and hold that equitable tolling does not apply merely because the FLSA notice was not posted. The FLSA, having been signed into law in 1938, is not so new so that the Plaintiff would not have generally known about its provisions.[9] Further, the allegations in the Complaint establish that the Plaintiff had "general knowledge of his rights" under the FLSA in 1992 or 1993. He alleges that he submitted an expense report which included

---

[8] *McClinton* was referring to the 180-day notification period with this language. In that case the Eleventh Circuit was clear that while "the failure of the employer to display the poster may toll the 180-day notification period, <u>it will not normally toll the two-year statute of limitations for bringing the action in court</u>, which continues to run from the date of the alleged wrongful act." *McClinton v. Alabama By-Products Corp.*, 743 F.2d 1483, 1486 (11th Cir. 1984) (emphasis added). Regardless, as will be shown, even assuming the statement in *Aly* is a correct reading of *McClinton*, equitable tolling still does not save the Plaintiff's claim because he knew of his rights under the FLSA.

[9] *See also*, *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); *Ribleza v. U.S. Attorney Gen.*, 618 F. App'x 567, 569 (11th Cir. 2015) ("Ribleza's total unawareness of the deadline bespeaks of neither diligence nor extraordinary circumstance beyond his control.").

overtime hours. (Doc. 1 at 3).[10] Accordingly, the failure to post the notice is a non-factor.

### B. The Failure To Exercise Due Diligence

The burden is on the Plaintiff to "show <u>both</u> extraordinary circumstances and <u>due diligence</u> in order to be entitled to equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004) (emphasis added). Even if the Plaintiff had alleged extraordinary circumstances in his Complaint, the fact that the Plaintiff failed to file an FLSA lawsuit until <u>two decades</u> after the alleged wrongful act, dooms any prospect of deeming this action timely based on equitable tolling. Such an inordinate delay is simply incompatible with the notion that the Plaintiff has exercised due diligence.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiffs Rule 59(e) Motion to Alter or Amend is **DENIED**.

---

[10] The Court takes judicial notice of the fact that the current version of the required posting contains no statute of limitations information. *See,* https://www.dol.gov/whd/regs/compliance/posters/minwagebw.pdf. It cannot, however, say for sure that such information was not required in 1992 or 1993. It seems likely, however, that the current version of the poster would not have <u>less</u> information on that topic than previous versions. Regardless, as noted previously (*see* note 5), there are other reasons that the failure to post the notice does not support equitable tolling in this case.

**DONE** and **ORDERED** this 12th day of May, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge